FILED
U.S. Bankruptcy Court, NCW

APR 12 2021

Steven T. Salata, Clerk
Charlotte Division

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| YELLOWSTONE TRANSPORTATION ) | Case No: 21-30050 |
| GROUP, INC ) | Chapter 11, Subchapter V |
| EIN 84-4450320 ) | |
| Debtor. ) | |

## COMPLAINT TO THE US BANKRUPTCY COURT
## AND US TRUSTEES OFFICE

The "Debtor" Yellowstone Transportation Group, Inc comes before the Honorable Judges and Honorable Unite States Bankruptcy Court of the Western District of North Carolina Charlotte Division as well as the US Trustees Office to File a "Complaint" against a Lawyer in this matter

The "Debtor" is attaching (EXHIBIT A) to this "Complaint" that is a filing made by the "Debtors" Attorney of Record ( John C. Woodman, with Essex Richards P A ) on 02/18/21 This (EXHIBIT A) is a Disclosure of Compensation of the Attorney for Debtor and it shows prior to the filing of the "Statement" the Attorney for the "Debtor" received ( $ Zero ) from the Debtor The "Debtor" in fact had paid a $12,500.00 Retainer prior to the filing

COMPLAINT TO THE US BANKRUPTCY COURT AND US TRUSTEES OFFICE    1
CASE NO 21-30050, CHAPTER 11, SUBCHAPTER V

4  The "Debtor" is attaching (EXHIBIT B) to this "Complaint" that is a filing made by the
5  "Debtors" Attorney of Record ( John C Woodman, with Essex Richards P A ) on 03/26/21. This
6  (EXHIBIT B) is a Disclosure of Compensation of the Attorney for the Debtor and it shows prior
7  to the filing of the "Statement" the Attorney for the "Debtor" received ( $12,500.00) from the
8  Debtor This Statement was filed by the Attorney of Record ( John C Woodman, with Essex
9  Richards P.A.) after repeatedly being emailed and called by the "Debtor" and his Representative
10 for filing Documents that where "False"

12 The "Debtor" had also been making "Payments" of $1,500.00 per week to the "Debtors"
13 Attorney of Record ( John C. Woodman, with Essex Richards P A ) Since the filing which
14 would have brought the total amount of money paid to the Attorney of Record to ( $23,000.00)
15 Repeatedly the "Debtor" and a Representative assisting the "Debtor" named Mango Capital
16 asked why the Documents filed into Court Record where "False" and inaccurate Also
17 repeatedly asked for Trust Account Statements and Accounting for how and where the
18 "Retainer" was being used

20 The "Debtor" is attaching (EXHIBIT C) to this "Complaint" that is an Email Exchange between
21 the "Debtors" Attorney of Record ( John C Woodman, with Essex Richards P A ) and Mango
22 Capital as Mango Capital was instructed by the "Debtor to Communicate" with the Attorney of
23 Record on this matter Where again the Attorney of Record ( John C Woodman, with Essex
24 Richards P A ) is asked about the Trust Account Statement and "Fraudulent" Statements filed
25 with the Court. The "Debtors" Attorney of Record ( John C Woodman, with Essex Richards
26 P A ) refuses to provide Trust Account Statements and Billing Statements in regard to the
27 Retainer and Money paid from the "Debtor"

28 COMPLAINT TO THE US BANKRUPTCY COURT AND US TRUSTEES OFFICE       2
    CASE NO 21-30050, CHAPTER 11, SUBCHAPTER V

The Attorney of Record ( John C. Woodman, with Essex Richards P.A.) then filed documents with the Court which made it appear that funds paid via "Wire" from Yellowstone Transportation Group, Inc to Mango Capital where a possible Fraudulent Transfer when in fact they where payments for Trucks through the "Leasing" Company that were made by Mango Capital and where in fact being "Paid" by Yellowstone Transportation Group, Inc. These actions where Retaliation by the Attorney of Record ( John C. Woodman, with Essex Richards P.A.) and where portrayed and made to look Fraudulent when they were not. This was done without consulting the "Debtor" and was done to Damage the "Debtors" Case because the Attorney of Record was being Questioned about Fraudulent documents and accounting.

The Attorney of Record ( John C. Woodman, with Essex Richards P.A.) has failed to provide "Competent" Legal Representation and Legal Counsel to the "Debtor" and has intentionally damaged the "Debtors" Case causing "Stress" and "Financial Damage and Harm to the Debtor"

Actions by the Attorney of Record ( John C. Woodman, with Essex Richards P.A.) need to be Investigated by the US Trustees Office and the United States Bankruptcy Court. As the Attorney of Record ( John C. Woodman, with Essex Richards P.A.) knowingly filed (False and Fraudulent Documents) to the Court on Numerous Occasions. Also, the Attorney of Record ( John C. Woodman, with Essex Richards P.A.) filed Documents and Portrayed the "Debtor" and his Representative to be acting in a Fraudulent Manner when they were not. As well as the Attorney of Record ( John C. Woodman, with Essex Richards P.A.) acted in a Retaliatory Fashion

COMPLAINT TO THE US BANKRUPTCY COURT AND US TRUSTEES OFFICE    3
CASE NO. 21-30050, CHAPTER 11, SUBCHAPTER V

Furthermore, the Attorney of Record ( John C. Woodman, with Essex Richards P.A.) repeatedly failed to provide the "Debtor" and his Representative an Accounting from the Trust Account and Invoices for work that was billed towards the "Debtors" Trust Account. In addition to filing a "Complaint" with the US Trustees Office and the United States Bankruptcy Court the "Debtor" is also filing a "Complaint" with the Legal Practice Counsel

The "Debtor" in Case No. 21-30050 does claim that the Attorney of Record ( John C. Woodman, with Essex Richards P.A.) has "Violated the Following" Laws and Rules

1. Competence ( Rule 1.1 (a) of the Rules of Professional Conduct)
   "**A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.**"

2. Confirm your Fee Arrangement (Rule 1.5 (b) of the Rules of Professional Conduct)
   "**The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, *preferably in writing*, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client.**"

COMPLAINT TO THE US BANKRUPTCY COURT AND US TRUSTEES OFFICE          4
CASE NO. 21-30050, CHAPTER 11, SUBCHAPTER V

3. Handling of Fees and Billing ( According to the Rules of Professional Conduct)

    <u>It is not permissible to provide for a *non- refundable fee* in any fee agreement with clients. The Rules of Professional Conduct and the Supreme Court jurisprudence make it abundantly clear what lawyers are permitted to charge, collect and/or retain fees only if they are earned. Provisions in a fee agreement which provide for a so-called 'non-refundable fee' are not only unenforceable, but are violations of the Rules.</u>

Rule 1.5 of the Rules of Professional Conduct sets out the types of fee arrangements which are ethically permissible, including the following:

- Retainers
- Fixed Fee or Minimum Fee
- Advance Deposits for Future Fees / Costs

Signed this 8th Day of April 2021 ,

*Yellowstone Transportation Group, Inc*     4/8/2021

Yellowstone Transportation Group, Inc.     Date

Debtor in Case No: 21-30050

**EXHIBIT A**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT TO THE US BANKRUPTCY COURT AND US TRUSTEES OFFICE
CASE NO. 21-30050, CHAPTER 11, SUBCHAPTER V

EXHIBIT A

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Western District of North Carolina

In re: Yellowstone Transportation Group, Inc.
Debtor(s)

Case No. 21-30050
Chapter 11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept          $   12,500.00
   Prior to the filing of this statement I have received $        0.00
   Balance Due                                           $   12,500.00

2. The source of the compensation paid to me was:
   ■ Debtor   ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ■ Debtor   ☐ Other (specify)

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service: Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Date

John C. Woodman
Signature of Attorney
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203
704-377-4300  Fax: 704-372-1357
jwoodman@essexrichards.com
Name of law firm

**EXHIBIT B**

COMPLAINT TO THE US BANKRUPTCY COURT AND US TRUSTEES OFFICE
CASE NO. 21-30050, CHAPTER 11, SUBCHAPTER V

B2030 (Form 2030) (12/15)

Exhibit B

# United States Bankruptcy Court
## Western District of North Carolina

In re: Yellowstone Transportation Group, Inc
Debtor(s)

Case No. 21-30050
Chapter 11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S) - AMENDED

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ........................... $ Hourly pending approved fee applications
   Prior to the filing of this statement I have received ................. $ 12,500.00 on Jan. 28, 2021 (Retainer)
   Balance Due ........................................................... $ Unknown - pending approved fee applications

2. The source of the compensation paid to me was:

   ■ Debtor  ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ■ Debtor  ☐ Other (specify)

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

3/26/2021
Date

John C. Woodman
Signature of Attorney
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203
704-377-4300  Fax: 704-372-1357
jwoodman@essexrichards.com
Name of law firm

DocuSign Envelope ID: 085DB848-879C-455F-8303-AE45D8DA2E09

EXHIBIT C

COMPLAINT TO THE US BANKRUPTCY COURT AND US TRUSTEES OFFICE
CASE NO. 21-30050, CHAPTER 11, SUBCHAPTER V



EXHIBIT C

**From:** John C. Woodman <Jwoodman@essexrichards.com>
**Sent:** Tuesday, March 23, 2021 7:22 PM
**To:** dani@yellowstonetransportationgroup.com
**Cc:** David DiMatteo; isaac@yellowstonetransportationgroup.com; andreisaac717@yahoo.com
**Subject:** Re: Disclosure of Compensation

This is the required form that shows what retainer our firm received prior to the case filing. We have not filed a fee application for any work completed post-petition evidenced by the trust statement you requested that Sue Boone sent.

Let me know if you have any questions.

Sent from my iPhone

On Mar 23, 2021, at 6:10 PM, Dani Levine-Yellowstone Transportation Group <dani@yellowstonetransportationgroup.com> wrote:

John,

Please explain the disclosure of compensation you filed with the court. See the attached!

Regards,

Dani Levine

Consultant

P: 704.940.2361 X 101

C: 704.712.1187

F: 704.943.3063

E: dani@yellowstonetransportationgroup.com

<943f6bf6.png>

<Disclosure of Compensation.pdf>

April 9, 2021

From:

Yellowstone Transportation Group, Inc.
21 De Sales Place , Apt 3F
Brooklynn, New York 11207

To:

United States Bankruptcy Court
Western District of North Carolina
Attn: Clerk of the Courts
401 West Trade Street, Room 111
Charlotte, NC 28202

Subject : Filing of the Enclosed Documents into Case No: 21-30050 ( Yellowstone Transportation Group, Inc) Complaint

To Whom It May Concern:

Please file the enclosed Documents into the ( United States Bankruptcy Court Case No: 21-30050 ) .

Thank You in Advance,

Yellowstone Transportation Group, Inc. "DEBTOR"